USCA1 Opinion

 

 January 8, 1993 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 92-2112 UNITED STATES OF AMERICA, Appellee, v. BEATRIZ JUNQUERA DE RIVERA, Defendant, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ _________________________ Before Torruella, Selya and Stahl, Circuit Judges. ______________ _________________________ J. Hilary Billings for appellant. __________________ Margaret D. McGaughey, Assistant United States Attorney, ______________________ with whom Richard S. Cohen, United States Attorney, and Jay P. ________________ ______ McCloskey, Assistant United States Attorney, were on brief, for _________ the United States. _________________________ _________________________ Per Curiam. This is a guideline sentencing appeal. We __________ have carefully reviewed the appellant's objections to the district court's determination of her offense level and guideline sentencing range (which, in turn, led to her sentence). Having in mind, particularly, that a criminal defendant must carry the burden of proving her entitlement to downward adjustments in the presumptively applicable offense level, see, e.g., United States ___ ____ _____________ v. Ocasio, 914 F.2d 330, 332 (1st Cir. 1990), and that a ______ deferential standard of review applies to factbound determinations under the sentencing guidelines, see, e.g., United ___ ____ ______ States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990) (holding that ______ ____ "where there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous"), we see no sound basis for overturning the lower court's findings. We need go no further. We have said before that "[s]entencing appeals prosecuted . . . in the tenuous hope that lightning may strike ought not to be dignified with exegetic opinions, intricate factual synthesis, or full-dress explications of accepted legal principles." United States v. Ruiz-Garcia, 886 _____________ ___________ F.2d 474, 477 (1st Cir. 1989). So it is here. The judgment of conviction and the sentence imposed are The judgment of conviction and the sentence imposed are _______________________________________________________ affirmed. See 1st Cir. Loc. R. 27.1. affirmed. See 1st Cir. Loc. R. 27.1. _________ ___ 2